### SCHMIDT v. LOSCH et ux.*
### No. 16262.

Court of Appeal of Louisiana. Orleans.
Jan. 27, 1936.

Blasi & Sehrt, of New Orleans, for appellants.

Theodore H. McGiehan, of New Orleans, for appellee.

JANVIER, Judge.

Plaintiff seeks the recovery of $1,255, which he alleges that in the year 1924 he gave to Mr. and Mrs. John J. Losch for safekeeping. Defendants deny that the

---

*Rehearing denied Feb. 24, 1936.

money was left with them. In fact, their answer is a general denial of all of the allegations of plaintiff's petition. By supplemental petition plaintiff further alleges that the money partially represented savings which had accumulated out of his salary and earnings paid to him by defendants and given to Mrs. Losch "with the consent, knowledge and approval of John J. Losch." When the supplemental petition was filed, defendants filed a plea of prescription of one year, in support of which they argue that the petition alleges that the money was salary and earnings from labor, and that, therefore, a claim based thereon is prescribed by the lapse of one year, as is provided by article 3534 of the Civil Code, which, in part, reads as follows:

"The following actions are prescribed by one year:

"That of workmen, laborers and servants, for the payment of their wages."

█ In view of the allegations of the two petitions and the evidence adduced in interpretation of those allegations, the plea of prescription of one year cannot be sustained. It is very evident that the suit is not one for the payment of wages or earnings from labor, but for the return of money delivered to a depositary for safekeeping. We find in the evidence of Mrs. Losch admissions that the money was left with her, the defense which she makes in her testimony being that she was authorized by plaintiff to invest it for him. It is conceded that all amounts due for services had been paid in full and that thereafter the said money, having been received by the wage-earner, was handed back to Mrs. Losch.

The record shows that when plaintiff was a young boy he was taken from an orphanage by the father of Mr. Losch, who was engaged in business as a baker, and that he was taught the trade and paid a small weekly salary, first by the elder Mr. Losch and later by John J. Losch, who inherited his father's business at his death; that after many years plaintiff and John J. Losch had an altercation, as a result of which plaintiff demanded that Losch pay him the accumulated balance which was due him and which Losch had retained by agreement; that Losch then went to the bank and withdrew $1,100 in cash and returned and handed this money to plaintiff. Plaintiff testifies that the amount handed him was $1,000, but the difference, for rea-

sons which we shall hereafter discuss, we consider of no importance at this time. Up to this point there is no factual controversy between the parties, except as to the difference of $100, which we have mentioned.

Schmidt, plaintiff, states that when he received this money he realized that it would be unwise, because of his lack of experience, to keep it in his possession, and that, therefore, he gave it to Mrs. Losch to keep for him. He also states that at her request he gave her a further sum of "between $375.00 and $400.00," which the secretary of the German Asylum was holding for his account, and that still later, on his demand, there was returned to him, of the total amount, $220, leaving a balance of $1,255, for which this suit is brought.

Mrs. Losch admits that Schmidt gave her both the $1,100 and the $375, but she denies that she asked him for any part of it, and she contends that at his request she invested for him all of it except the $220, which she admits was returned to him.

█ So far as Mrs. Losch is concerned, we have no hesitation at all in reaching the conclusion that she is mistaken in her recollection of the facts. In the first place, the answer does not allege that she received the money and invested it, but is an absolute denial that she received any part of it for any purpose. In the second place, if she had invested Schmidt's money for him in real estate transactions and had lost it, she unquestionably could have pointed to notarial documents, or other written proof that the investments had been made. But she produced no corroboration whatever of her verbal statements regarding those transactions. Her failure to suggest that there are available any such documents and her denial in her answer that she ever received any part of the money convince us that, so far as she is concerned, there is no error in the judgment which was rendered by the court below, unless it be that the judgment should have been for $1,255 instead of $1,155, and this difference we shall hereafter discuss.

We have more difficulty, however, in determining whether Mr. Losch should be held liable for the debt. The record shows that Mrs. Losch kept the joint check book; that all of the amounts received in the business were deposited in the bank account; and that, of the amount returned to

Schmidt, $200 was represented by a check which was drawn by her and signed by Mr. Losch. Mr. Losch contends that he did not know, when he signed this check, that it was to be used in returning to Schmidt money which Mrs. Losch had received, and that he did not even know that Mrs. Losch had received any such money. It is true that Mrs. Losch does not admit that the amounts received by her from Schmidt were deposited in the bank account to which we have referred, but the fact that $200 of the money was returned out of that bank account would indicate that it had been so deposited.

In view of the finding of our brother below, which must have been to the effect that Mr. Losch had knowledge of the transaction and acquiesced in what Mrs. Losch had done, and because of the fact that the record, in our opinion, warrants such a conclusion, we feel that the judgment rendered against Losch based on the determination of this question of fact should not be disturbed.

It seems very apparent, from all of the evidence, that the judgment below should have been for $1,255, but, in view of the figures given by plaintiff himself and particularly in view of his statement that it was only $1,000 which he handed to Mrs. Losch on the first occasion and that it was $375 which he handed to her on the second occasion, and particularly in view of the fact that no answer to the appeal has been filed, the judgment cannot be amended in favor of plaintiff-appellee.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be, and it is, affirmed, at the cost of appellants.

Affirmed.