284 So.2d 114 (1973)
Karl HOFFPAUIR et al., Plaintiffs and Appellees,
v.
CITY OF CROWLEY et al., Defendants and Appellants.
No. 4274.
Court of Appeal of Louisiana, Third Circuit.
September 18, 1973.
Rehearing Denied November 2, 1973.
Writ Refused December 14, 1973.
Joseph S. Gueno, Jr., Crowley, for defendants-appellants.
Edwards, Stefanski & Barousse by Homer E. Barousse, Jr., Crowley, for plaintiffs-appellees.
Before FRUGÉ, SAVOY and DOMENGEAUX, JJ.
DOMENGEAUX, Judge.
This case was consolidated for trial with that of Carl G. Henry v. City of Crowley, et al, No. 4275 on the docket of this court. The two cases have remained consolidated on appeal and, as the law and relevant facts are common to both, our opinion herein is equally applicable to each. Nevertheless we render a separate judgment for the case of Henry v. City of Crowley, et al., La.App., to be found at 284 So.2d 116.
All of the plaintiffs were formerly police officers of the City of Crowley, Louisiana. The employment of each with the police department was terminated in a manner such as would not entitle him to the pension provided for in LSA-R.S. 33:2221 et seq. Those statutes, specifically in LSA-R.S. 33:2225, provide for the mandatory deduction of an amount not to exceed 6%, of each officer's salary, for purposes of contribution to the Police Pension and Relief Fund. During their employment with the police department the plaintiffs had, accordingly, contributed 6% of their salary to the fund.
Having been unsuccessful in their attempts to recover the amounts so contributed by them to the fund in an amicable manner, the plaintiffs filed the present suit demanding that the money be returned to them. The matter was submitted to the District Court on stipulated facts, and the Judge of that court rendered judgment in favor of plaintiffs for the amounts that each have contributed to the fund, plus legal interest from date of judicial demand. Defendants, the City of Crowley, and the Trustees of the Police Pension and Relief Fund, appealed to this court.
Our examination of the applicable statutes reveals that they nowhere explicitly *115 provide for the type of relief sought herein, i. e. the return of contributions deducted from a police officer's salary during his employment, to that officer upon termination of his employment, for reasons other than such as will entitle him to a pension.
On the other hand, neither do the statutes anywhere specifically prohibit such refunds. The inference therein contained, if one can be said to exist at all, is that such refunds are permissible. For example, LSA-R.S. 33:2228 provides in relevant part, that:
"No pension shall be paid or money drawn from the fund until the sum of fifteen hundred dollars, above the fifteen thousand dollars held as a permanent fund, is to the fund's credit." (Emphasis ours)
The italicized portion of that statute would seem to indicate that money may be drawn from the fund for purposes other than paying pensions, although no such other purposes are enumerated in the statutes. It is not inconceivable that one of those purposes might be the type of refund requested in the case at bar.
It is an elementary rule of statutory construction that statutes in pari materia should be construed together. Louisiana Civil Code Article 17; State v. Seals, 255 La. 1005, 233 So.2d 914; Mendel v. Gennaro, La.App., 154 So.2d 531; writ refused, 244 La. 968, 155 So.2d 199. Considering that rule, we have examined LSA-R.S. 33:2281 et seq., the statutes dealing with the pension fund for police officers of the City of New Orleans, and LSA-R.S. 33:2351 et seq., the statutes providing for a pension fund for police officers of the City of Shreveport. The plan under consideration, that applying to muncipalities with a population ranging between 7,500 and 250,000 persons, is of a non-actuarial nature, as was the New Orleans plan prior to 1967. The statutes relating to the New Orleans fund, at least prior to 1967, contained a specific prohibition against the type of refund sought in the cases at bar. Thus LSA-R.S. 33:2298 provided that:
"No benefits, pensions, annuities, or refunds shall ever be made from the fund for any reason whatsover, except in strict conformity with the provisions and requirements of this Sub-part. Any person who separates from the police department for any cause prior to retirement, shall have no claim to the benefits, pensions, or annuities provided herein, nor to refunds of any amounts paid into the fund. This provision shall be retroactive."
We do not concern ourselves with what effect LSA-R.S. 33:2294.2, a statute added in 1967 when the New Orleans fund was converted to an actuarial plan, to provide that such refunds would be made upon termination of employment, has on LSA-R.S. 33:2298, as such is irrelevant to our discussion. The point is that when both the plan under consideration and the New Orleans plan were on a non-actuarial basis, the New Orleans plan specifically provided that such refunds could not be made, whereas the plan at bar contained no such prohibition. We note additionally that the Shreveport plan, enacted in 1968, after the conversion of the New Orleans plan to an actuarial basis, likewise contains no provision comparable to LSA-R.S. 33:2298, even though it too is non-actuarial in its nature.
In view of the inclusion of the prohibition in the New Orleans plan, and the exclusion thereof in the Shreveport plan and the plan under consideration, we opine that the maxim, "expressio unius est exclusio alterius", provides a proper vehicle for discovery of the legislative intent with regard to the question before us. Garrison v. City of Shreveport, 179 La. 605, 154 So. 622; City of Shreveport v. Price, 142 La. 936, 77 So. 883; Doyal v. Roosevelt Hotel, La.App., 234 So.2d 510. Applying that principle of statutory construction to the statutes herein involved, we find that the omission from the statutes covering the retirement plan in question of a prohibition *116 like that provided in the statutes covering the pension plan for the City of New Orleans, is a clear indication of the legislative intent that there should be no such prohibition in the pension plans of cities having a population of between 7,500 and 250,000. There being no prohibition against the refund, the plaintiffs are entitled to receive such monies as they had contributed to the police retirement fund in the City of Crowley. There is therefore no error in the judgment of the District Court, and the same must be affirmed.
Able counsel for the defendants, and for the City of Lafayette, Louisiana, appearing herein as amicus curiae, strongly urge us to reverse the judgment of the District Court pointing to the benefits that plaintiffs received while members of the Crowley police force as a result of the existence of the pension plan. They cite such benefits as a guarantee of retirement benefits for permanent or temporary disabilities occurring while in the performance of their duties, the equivalent of term life insurance, and freedom from the payment of social security taxes. We need only point out that all of those benefits likewise accrue to the members of the New Orleans Police Department, which under the present statutes can obtain a refund of their contributions to the retirement fund upon the termination of their employment. Counsel for the defendants and for the City of Lafayette further point that the only police retirement fund in the state which expressly permits such refunds is the New Orleans plan, and that such is also the only retirement plan that is on an actuarial basis. From this they reason that all non-actuarial plans should be considered as excluding such refunds. We think the comparison between the various plans to have been far more appropo when the New Orleans plan was also on a non-actuarial basis, as discussed above. The laws enjoyed a greater degree of similarity then and could therefore be construed together with greater ease and effectiveness. Likewise the results reached by so construing them were more likely to be correct prior to the 1967 amendments to the New Orleans statutes. Accordingly we cannot accede to defendants' position.
For the above and foregoing reasons the judgment of the District Court is affirmed. Defendants are to pay all costs in both courts insofar as they are assessable to them under law.
Affirmed.