BOLIN, Judge.
This is a class action suit brought on behalf of all former Shreveport police officers who terminated their employment after the effective date of the 1968 legislation establishing the police pension fund for the City of Shreveport and who are not eligible to receive benefits under the fund.[1] The class seeks the refund of mandatory contributions made to the fund. From a judgment in favor of the officers ordering defendants to refund the contributions, defendants appeal. We affirm.
The issues raised by defendants on appeal are: (1) Are the contributions refundable under the legislation? (2) Does the failure to refund the contributions violate the officers’ constitutional due process rights? (3) Are the claims barred by one or three year prescription? Because we are affirming the trial court’s ruling that the contributions are refundable, we find it is unnecessary to treat the second issue.
The statutes governing the pension fund for Shreveport police officers, La.R.S. 33:2351 et seq., require each officer to contribute a certain percentage of his salary to the pension fund.[2] The legislation sets forth the eligibility requirements for disability, retirement and death benefits, but does not expressly provide for the return of contributions made by an officer who terminates his employment and is not eligible for disability or retirement benefits. Defendants contend the failure of the statute to expressly authorize refunds prohibits the return of the mandatory contributions and that such refunds, if permissible, would run counter to the purposes of the pension fund.
In Hoffpauir v. City of Crowley, 284 So.2d 114 (La.App.3d Cir. 1973), writ denied 286 So.2d 366 (La.1973) our brethren on the third circuit faced a similar problem. In Hoffpauir Crowley police officers, in the same situation as plaintiffs in this case, sought a refund of mandatory contributions to the police pension fund. Although the statutes governing the Crowley pension fund, La.R.S. 33:2221 et seq., did not expressly provide for refunds, the court held the statutory scheme did not prohibit such refunds. The court observed that the statutes regulating the Crowley pension fund were similar to the statutes applicable to Shreveport. It then compared these similar statutory enactments with the pre-1967 statutes regulating the pension fund for New Orleans police officers. Observing that the latter scheme specifically prohibited the refund of contributions to those leaving the police department prior to retirement, the court reasoned:
In view of the inclusion of the prohibition in the New Orleans plan, and the exclusion thereof in the Shreveport plan and the plan under consideration, we opine that the maxim, “expressio unius est exclusio alterius”, provides a proper vehicle for discovery of the legislative intent with regard to the question before us. Garrison v. City of Shreveport, 179 La. 605, 154 So. 622; City of Shreveport v. Price, 142 La. 936, 77 So. 883; Doyal v. Roosevelt Hotel, La.App., 234 So.2d 510. Applying that principle of statutory construction to the statutes herein involved, we find that the omission from the statutes covering the retirement plan in question of a prohibition like that provided in the statutes covering the pension plan for the City of New Orleans, is a clear indica *1138 tion of the legislative intent that there should be no such prohibition in the pension plans of cities having a population of between 7,500 and 250,000. There being no prohibition against the refund, the plaintiffs are entitled to receive such monies as they had contributed to the police retirement fund in the City of Crowley.
284 So.2d at 115-116.
We are unable to find any significant differences between the pension plan statutes ruled on in Hoffpauir and the statutes involved in this case. Although defendants have cited many cases from other jurisdictions which are apparently contrary to Hoffpauir, we are of the opinion that Hoff-pauir correctly states the law in Louisiana and controls the disposition of this case. Accordingly, the trial court was correct in ruling plaintiffs are entitled to a refund of their mandatory contributions.
Defendants’ contention that the claims for refunds have prescribed is raised for the first time on appeal. The defendants argue the plaintiffs’ claims are for wages which prescribe in one year under the following provision La. Civil Code article 3534:
The following actions are prescribed by one year:
That of justices of the peace and notaries, and persons performing their duties, as well as that of constables, for the fees and emoluments which are due to them in their official capacity.
Alternatively, the defendants contend the claims are barred by the three year prescriptive period contained in La.C.C. art. 3538 which governs actions for the “payment of money lent” or “on all other accounts.”
We find neither of these arguments persuasive. Although the contributions were effectuated through a deduction from the plaintiffs’ salaries, we hold the claims for these contributions cannot be construed as claims for wages within the intendment of La.C.C. art. 3534. See Schmidt v. Losch, 165 So. 336 (Ct.App.Orl.1936). Nor do we find the contributions constitute money loaned or are an account with the Board of Trustees of the pension fund.
The applicable prescription period is found in La.C.C. art. 3544, which provides:
In general, all personal actions, except those before enumerated, are prescribed by ten years.
Suit having been brought within ten years, none of the claims are barred.
The judgment of the trial court is affirmed. Defendants are to pay all costs insofar as they are assessable to them under the law.

. This case was previously before us on the question of whether the trial court erred in sustaining an exception contesting the availability of the class action procedure. We affirmed the trial court. Stevens v. Board of Trustees of Police Pension Fund, 295 So.2d 36 (La.App.2d Cir. 1974). The Louisiana Supreme Court granted certiorari, reversed and remanded the case to the trial court to determine if the class action was proper in light of clarified guidelines set forth by the court. Stevens v. Board of Trustees of Police Pension Fund, 309 So.2d 144 (La.1975). In this appeal the defendants are not contesting the propriety of the class action procedure.

. Prior to 1977 each officer contributed 6% of his salary. La.R.S. 33:2355. By Act 497 § 1 of 1977, the legislature increased the amount of the contribution to 9%.