370 So.2d 528 (1979)
Terry K. STEVENS
v.
BOARD OF TRUSTEES OF the POLICE PENSION FUND OF the CITY OF SHREVEPORT, Louisiana, et al.
No. 63111.
Supreme Court of Louisiana.
April 9, 1979.
Rehearing Denied May 21, 1979.
*529 Robert G. Pugh, Shreveport, for plaintiffs-respondents.
Frederic L. Miller, Peters, Ward & Miller, Shreveport, amicus curiae for respondents Shreveport Police Officers.
Charles C. Grubb, Neil, Dixon, Shreveport, for defendants-applicants.
BLANCHE, Justice.[*]
This class action suit was brought by Terry K. Stevens as representative of that class composed of all former police officers of the City of Shreveport who made compulsory contributions to the Policemen's Pension Fund of the city and who later were separated from the Police Department prior to receiving benefits therefrom. The suit seeks to obtain refunds of the monies contributed by each of the former officers.
The case was previously before this Court on the issue of maintaining the class action, 309 So.2d 144 (La.1975). The case is now before this Court on writs granted to review the judgment of the courts below on the merits. The district court granted summary judgment for the plaintiffs and ordered the Board of Trustees of the Police Pension Fund to refund to the former officers who comprised the class the amount each had contributed to the fund. Costs *530 and attorney's fees were also ordered to be paid. The Court of Appeal, Second Circuit, relying upon the opinion of the Third Circuit in Hoffpauir v. City of Crowley, 284 So.2d 114 (La.App. 3rd Cir. 1973), writ den. 286 So.2d 366 (La.1973), ruled that there was no significant difference between the statute involved in this instance and the statute involved in that case; the judgment of the district court was affirmed.
The Board of Trustees sought writs, and the case is now before this Court on the issue of whether the statute creating the Police Pension Fund, LSA-R.S. 33:2351, et seq., is one which is intended to require or permit refunds. There is also the issue of the applicability of the decision in Hoffpauir, supra. The Board of Trustees claims error in the interpretation of the statute and in reliance upon Hoffpauir. Plaintiffs claim that the decisions below were correct, but that even if they were incorrect as an interpretation of the statute, the refusal to refund the forced contributions was in violation of plaintiffs' constitutional rights to due process and equal protection under the constitutions of both the United States and Louisiana.
The initial question for our consideration is whether the statute, on its face, is ambiguous as to the refundability of the contributions. In addition to containing assessments from the salaries of the members of the Police Department, the fund is composed of monies from a former pension fund, court fines, licenses, privilege taxes, or permits for the sale of alcoholic beverages, as well as general alimony taxes from the municipality. LSA-R.S. 33:2353, 2355. The statute also contains the following provisions:
Section 2351:
"There is created a police pension fund for the police department of the city of Shreveport for pensioning all police officers of the police department of the city of Shreveport, their widows and children. For purposes of this Sub-part police officers shall be defined as those members of the Shreveport Police Department who meet the definition of police officers for the purpose of civil service rating and are so rated."
Section 2353:
"All funds derived and held or invested under the provisions of this Sub-part shall be administered as a sacred trust for the sole purposes stated in this Sub-part and at no time commingled or combined with any other fund."
Section 2360:
"The interest received from the investments after the fund has reached fifty thousand dollars or fifteen thousand dollars, as the case may be, and all money received from any source, shall be applicable to the payment of pensions and relief under this Sub-part."
Section 2364:
This section outlines the actual pensions and benefits payable by the fund, including immediate benefits in the event of disability while in service of the department. Service in the department covers all time when a member is on the payroll, 24 hours a day. There are also benefits for those who remain with the department and who later retire. There are also benefits for widows and minor children.
We find that there are specific limitations imposed upon the use of the monies in this fund, particularly by Sections 2351, 2353 and 2360. Absent particular language in the statute providing for refund of the contributions, there can be no such use of the monies. In the respects in which this decision conflicts with the decision in Hoffpauir, we overrule that decision.
Because of this ruling, it is necessary to consider the question of constitutionality which was raised in the district court but not considered in either court below as it was unnecessary to reach it.
Plaintiffs claim that if contributions to the Police Pension Fund, being mandatory, are non-refundable, then there is a taking of property without due process of law and without equal protection of the law.
*531 The Police Pension Fund in question here was created by an act of the legislature; it mandates contributions on the part of officers on active service with the department. These contributions constitute a portion of the monies in the fund. In return for the mandatory contributions, an officer, while on active service with the department, is covered by benefits. As with a contract of health or accident insurance, the right to the benefits is not delayed, but is dependent upon events, such as injury to or death of the officer, which may take place from the first day of employment. If an officer retires, there are additional retirement benefits. In some of its provisions, this system is analogous to the system set up under the Social Security Act, 42 U.S.C. § 301, et seq., which is itself one which mandates contributions from the participants and which has no provision for refunds in the event that there are no claims made for the benefits thereunder.
From the first day of employment with the Police Department, plaintiffs were covered by the benefits of the fund, as they would have been covered by benefits from a contract of insurance, either private or under Social Security. Such a contract, though mandated by law, is neither invalid nor unconstitutional, since there are obligations on the part of the fund/insurer which, like obligations on a suspensive condition, nevertheless, exist. LSA-C.C. arts. 2041, 2043. Plaintiffs had insurance coverage as well as possible future retirement benefits. The taking contemplated and prohibited by the constitutional articles is a taking of private property for public use. U.S.Const. amend. V; LSA-Const. Art. 1, § 2 (1921). Here, not only is there no taking of private property for public use, since the use is for the members of the Police Department themselves, and plaintiffs received the benefits as they would have the benefits of insurance coverage, but there is no true taking at all, since the officers received a benefit, namely coverage, in return for amounts paid into the fund.
Plaintiffs have also argued the question of equal protection.
"While it is true that the plaintiffs were treated differently from certain other public employees, it does not seem to us that this difference in treatment was in any way irrational or a violation of equal protection. . . . Nor could the interest the plaintiffs assert in their contributions to the Pension Fund be though[t] of as some fundamental personal right. . . . Absent a suspect classification, or an infringement on some fundamental right, a classification is deemed permissible if it is found to have a `reasonable relationship' to a legitimate governmental interest." Muzquiz v. City of San Antonio, 520 F.2d 993, 1001 (5th Cir. 1975), remanded for reconsideration of issues dealing with § 1983, Civil Rights Act of 1871, 438 U.S. 901, 98 S.Ct. 3117, 57 L.Ed.2d 1144 (1978).
Accordingly, the judgment of the court of appeal is reversed, all costs to be paid by plaintiffs.
REVERSED AND RENDERED.
GULOTTA, J., Justice ad hoc, dissents.
DENNIS, J., dissents for the reasons assigned by the Court of Appeal.
NOTES
[*] Judge James C. Gulotta and Judge John C. Boutall, Louisiana Court of Appeal, Fourth Circuit, participated in this decision as Associate Justices Ad Hoc. Dixon, J., was recused. Marcus, J., did not participate.