DOMENGEAUX, Judge.
This case was consolidated for trial with that of Kenneth Brown v. Firemen’s Pension & Relief Fund for the City of Lake Charles, No. 8526, on the docket of this Court. The cases have remained consolidated on appeal and, as the law and relevant facts are common to both, our opinion herein is equally applicable to each. Nevertheless, we render a separate judgment for the case of Brown v. Firemen’s Pension & Relief Fund for the City of Lake Charles, La.App. to be found at 407 So.2d 1305.
All of the plaintiffs were formerly firemen of the City of Lake Charles, Louisiana. They filed this lawsuit seeking return of monies paid by them into the Firemen’s Pension and Relief Fund for the City of Lake Charles (hereinafter referred to as Fund). They contend that they were not “eligible to participate in the benefits of the fund”, as said phrase is used in Act 236 of the 1970 Regular Session of the Louisiana Legislature, therefore, they are entitled to a refund of all monies paid by them therein.
The trial judge held that the only requirement to be “eligible to participate in the benefits of the fund” was to have a minimum of three years service. Therefore, since all the plaintiffs served over three years they were eligible to participate in the benefits of the Fund, and were not entitled to a refund. From this adverse judgment the plaintiffs have appealed.
The key issue presented on appeal is whether or not the trial court erred in interpreting the aforesaid Act by requiring only three years of service with the Department to become eligible to participate in the benefits of the fund.
Act 186 of 1944 as amended by Act 236 of 1970, provides in Section 9(3) that:
“Four percent of the gross salary of all employees of the Fire Department shall be deducted monthly from their respective salaries and paid into said fund, provided that any person who ceases to be an employee of the Fire Department and who is not eligible to participate in the benefits of the fund shall be entitled to be paid all monies which said employee has paid in to the fund.”
The same legislation provides in Section 13(A)(2) that:
“Members who shall not have completed six full months of service in said Fire Department on September 1, 1968, and members who are hired subsequent to September, 1968, shall be eligible for participation herein only after having completed three full years of service in said Fire Department.” [1]
The facts are essentially undisputed. The plaintiffs were employed for various periods of time by the Lake Charles Fire Department, but in each instance for more than three years. Dates of employment range from 1968 to 1974, and dates of separation from employment range from 1978 to 1980. During their employment, each plaintiff paid into the Fund four percent of their gross salary as required under the Act. All plaintiffs, however, terminated their employment prior to reaping any of the cash benefits afforded under the Pension Plan.
Plaintiffs contend that to become truly eligible to participate in the Fund one must serve twenty years on the Fire Department and not three years as stated in Section 13(A)(2) above. Their contention is premised on the fact that one must serve twenty years on the Fire Department in order to become eligible for “retirement benefits”. The appellants failed to recognize, however, that “eligibility”, as used in the Act, also refers to one’s eligibility to *1304 receive other benefits provided under the pension program.
Section 13(B) provides for disability benefits for firefighters injured both on and off the job who have served for the minimum period required for eligibility.[2] Likewise, Section 13(C) provides widow benefits for the widows and children of firemen who meet the minimum eligibility requirements.[3] It appears obvious to us that the phrase “eligible to participate in the benefits of the fund” is not restricted to retirement benefits as plaintiffs contend. One becomes eligible to participate in the benefits mentioned above upon completion of three years of service in the Department. Therefore, under the express provisions of Act 186 of 1944, Section 9(3) as amended by act 236 of 1970, supra, the plaintiffs are not entitled to a refund of monies contributed to the Fund.
Recently in Stevens v. Board of Trustees of the Police Pension Fund of the City of Shreveport, 370 So.2d 528 (La.1979), the Louisiana Supreme Court upheld the right to retain contributions to a pension fund similar to the one before us. In Stevens, supra, the Court held that where a pension fund imposes specific limitations upon the use of the monies in the fund, absent particular language in the statute providing for refund of contributions, there can be no such use of the monies.
Section 11 of the Act before us provides:
“That no portion of the said Firemen’s Pension and Relief Fund shall, before or after the order for distribution is issued by the said Board of Directors to the person or persons entitled thereto under the provision of this Act, be held, seized, or levied upon, by virtue of any attachment, garnishment, execution, or order or decree, or any other process whatsoever, issued out of, or by any court, for the payment or satisfaction, in whole or in part, of any debt, damage, claim, judgment, or decree against any beneficiary of such fund; but shall be exempt therefrom. That the said Fund shali be kept, heid and distributed for no purpose other than those provided for in this Act.” (Emphasis added).
Section 11 and Section 13 read together specifically limit the manner in which monies may be disbursed from the Fund.
Appellants contend that Stevens, supra, is inapplicable because the pension fund here contains specific language providing for a refund. Although the pension fund before us does contain particular language providing for a refund, the Act specifically restricts refunds to those who have nbt become eligible for benefits under the program. Accordingly, we see no reason why the rationale of Stevens should not be applicable here.
Additionally, plaintiffs contend that the trial court erred in admitting the testimony of a former state representative who authored the bill which later became the Act in question, a former lobbyist for the Firemen’s Union, and an expert in actuarial science, whose testimony was offered solely to attempt to establish the legislative intent of the Act before us. We find it unnecessary to rule on this allegation of error. Under our interpretation of this Act, we would come to the same conclusion as to the meaning of the phrase, “eligible to participate in the benefits of the fund”, absent this testimony. Thus, if the trial court did err in admitting this testimony, the error was harmless.
For the above and foregoing reasons the judgment of the district court is affirmed. Plaintiffs are to pay all costs in both courts insofar as they are assessable to them under law.
AFFIRMED.

. Prior to the 1968 amendment one became eligible to participate in the Fund upon employment with the Department. In 1968 the previous legislation was amended to change the eligibility requirements to those found herein. It appears that the enactors desired to change the eligibility requirements, and chose September 1, 1968 (the effective date of the 1968 Act) as the cutoff date establishing eligibility. This provision merely adopts the language found in the 1968 Act.

. Section 13(B)(1) provides for disability benefits for non work related accidents, i.e., where workmen’s compensation is inapplicable. Section 13(B)(2) provides disability benefits for work related accidents when workmen’s compensation benefits have been discontinued.

. Section 13(C) provides for benefits to a deceased fireman’s widow and children. This provision allows the widow and children to receive those benefits the deceased would have been entitled to had he lived.