643 So.2d 236 (1994)
Sheryl BOURQUE, et al., Plaintiffs-Appellants,
v.
Michael BAILEY, et al., Defendants-Appellees.
No. 93-1657.
Court of Appeal of Louisiana, Third Circuit.
September 21, 1994.
Andre F. Toce, Lafayette, for Sheryl Bourque Etc.
M. Candice Hattan, Lafayette, for Michael Bailey et al.
Dennis Ray Stevens, New Iberia, for Tops Landing, Inc.
Leon Elzear Roy, III, New Iberia, for State Farm Ins.
James Buckner Doyle, Lake Charles, for Food & Fun, Etc.
Matthew Joseph Hill, Jr., Lafayette, for Scott Lopez Etc.
*237 Before KNOLL, THIBODEAUX and SAUNDERS, JJ.
SAUNDERS, Judge.
Plaintiffs appeal a summary judgment absolving defendants, a bar owner, a store proprietor and a minor, of exemplary damages under LSA-C.C. art. 2315.4 for their alleged fault in providing alcoholic beverages to a minor whose subsequent driving under the influence resulted in an accident. None of these parties were driving at the time of the accident. Additionally, they appeal the trial judge's conclusion that the defendants could not be held responsible in solido for the penal sums. We affirm these conclusions.

FACTS
Late Friday night, July 19, 1991, the 1988 Ford Aerostar van driven by Sheryl Bourque and occupied by Ms. Bourque's daughters, Shanda and Nicole, was rear-ended by a 1989 Dodge Dynasty automobile driven by minor John D. Edwards, Jr., and owned by his stepfather, Michael Bailey.
The Bourques' lawsuit claims that exemplary damages are warranted against those connected with the provision of alcohol to the minor John Edwards, including another minor, Scott Lopez, who purchased beer for Edwards; the store that sold Scott Lopez the beer; and the owner of Top's Landing, a bar alleged to have also sold alcohol to Edwards through an unnamed third party of legal age.[1]
At issue in this appeal is plaintiffs' prayer for exemplary or punitive damages against all of the non-driving defendants based upon LSA-C.C. art. 2315.4. An additional issue concerns whether the non-driving defendants, in the event they are held liable for general damages, may be cast in solido with the minor for any exemplary or punitive damages that may be assessed against him.
The trial court held in favor of the defendants on both questions, granting their Motions for Summary Judgment.

STANDARD OF REVIEW
"The analytical process properly used to consider whether to grant a summary judgment is outlined in Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772, 775 (La.1980). On a motion for summary judgment, the court first must determine whether the supporting documents presented by the moving party are filed in compliance with the Code of Civil Procedure and are sufficient to resolve all material fact issues in favor of the mover. The pleadings, affidavits, and documents of the mover must be scrutinized closely, while those of the opponent to the motion are to be indulgently treated. Indus. Sand and Abrasives v. L. & N.R. Co., 427 So.2d 1152, 1153 (La.1983); Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981). If they are not sufficient from either an evidentiary or substantive legal standpoint, summary judgment must be denied. Only if they are sufficient does the burden shift to the opposing party, who may no longer rest on the allegations and denials contained in his pleadings, to present evidence showing that material facts are still at issue. In deciding whether all material issues have in fact been disposed of, any doubt is to be resolved against the granting of summary judgment and in favor of trial on the merits. LSA-CCP arts. 966-967. South Louisiana Bank v. Williams, 591 So.2d 375, 377 (La.App. 3d Cir.1991), writ denied, 596 So.2d 211 (La.1992); Evangeline Farmers Co-op v. Fontenot, 565 So.2d 1040, 1044-1045 (La.App. 3d Cir. 1990)."
Hopkins v. Sovereign Fire & Cas. Ins., 626 So.2d 880, 884 (La.App. 3d Cir.1993), writs denied, 634 So.2d. 390, 402 (La.1994).

EXEMPLARY DAMAGES AS TO NON-DRIVER DEFENDANTS
Plaintiffs maintain that LSA-C.C. art. 2315.4 permits exemplary damages against *238 any party that contributes to a negligent driver's intoxication. That provision, with plaintiffs' emphasis, states as follows:
In addition to general and special damages, exemplary damages may be awarded upon proof that the injuries on which the action is based were caused by a wanton or reckless disregard for the rights and safety of others by a defendant whose intoxication while operating a motor vehicle was a cause in fact of the resulting injuries.
Plaintiffs maintain that the emphasized language permits them to obtain exemplary damages from any defendant, including one not operating a vehicle at the time of the accident, provided they are able to carry the requisite burden of proof. Defendants on the other hand maintain that the provision limits recovery of exemplary damages to the defendant "whose intoxication while operating a motor vehicle was a cause-in-fact of the resulting injuries." They argue that LSA-C.C. art. 2315.4 limits punitive damages to the one who actually operates the motor vehicle while intoxicated.
When the wording of a Section is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit. LSA-R.S. 1:4. On the other hand, when a statute contains latent ambiguity despite superficial clarity, an appellate court may turn to the statute's legislative history for guidance. State Dept. of Social Services v. Parker, 595 So.2d 815, 817 (La.App. 2d Cir.1992).
Out of an abundance of caution, we have reviewed transcripts from the legislative hearings leading to the provision's enactment. Neither the minutes of the Senate Judiciary Committee meeting of June 19, 1984, nor the transcript of the House Civil Law and Procedure Committee meeting of June 4, 1984, support the expansive interpretation of LSA-C.C. art. 2315.4 advanced by plaintiffs. To the contrary, they lead us to an interpretation consistent with the traditional view of this state, that penal provisions are to be narrowly construed to punish only those whose conduct society seeks to influence.
"The term `damages,' unmodified by penal terminology such as `punitive' or `exemplary,' has been historically interpreted as authorizing only compensation for loss, not punishment. Vincent v. Morgan's La. T.R. & S. Co., 140 La. 1027, 1051, 74 So. 541, 549 (1917); 2 Planiol, Treatise on the Civil Law Sec. 221 (La.State Law Inst.Translation 1959). Under Louisiana law, punitive or other `penalty' damages are not allowable unless expressly authorized by statute. Ricard v. State, 390 So.2d 882 (La.1980); Killebrew v. Abbott Laboratories, 359 So.2d 1275 (La.1978); Alexander v. Burroughs Corp., 359 So.2d 607 (La.1978). Additionally, when a statute does authorize the imposition of a penalty, it is to be strictly construed. State v. Peacock, 461 So.2d 1040, 1044 (La.1984); Crowe v. Equitable Life Assurance Society of the United States, 179 La. 444, 452-53, 154 So. 52, 55 (1934); Turner v. Metropolitan Life Insurance Company, 189 La. 342, 354, 179 So. 448, 451 (1938)."
International Harvester Credit v. Seale, 518 So.2d 1039, 1041 (La.1988). This is the case even where it is arguable that exemplary damages are within the spirit of the law. Gibbs Const. v. Dept. of Labor, 540 So.2d 268, 269 (La.1989); Matter of Woodrow Wilson Const. Co., Inc., 563 So.2d 385, 391 (La.App. 1st Cir.1990).
The disputed provision, originally enacted by Acts 1984 No. 511, Section 1, as Article 2315.1 and redesignated as Article 2315.4 in 1986, claims its genesis in House Bill No. 1051. Its sponsor, Representative Bolin, described its purposes to the House Committee as follows:
"Mr. Chairman, members of the committee, H.B. 1051 will provide that in addition to general and special damages, exemplary damages may be awarded if it is proved that the conduct on which the action is based was that of an intoxicated defendant... [I]t would be targeted toward the intoxicated defendant. You know, the legislature has passed many criminal statutes in the last years attempting to help, or attempting to address a problem with the intoxicated driver on [the] highway; however, we have failed to pass any type of legislation that would provide for additional penalties in civil matters. That's what *239 this bill attempts to do." (Emphasis added.)

* * * * * *
Whereas those opposing the bill did so because on philosophical grounds (opposition to exemplary damages generally or, particularly, to exposing insurers to such claims), no one, not even the legislation's proponents, suggested or contemplated that the provision would encompass the conduct of those not actually driving. To the contrary, the purpose of the legislation, as articulated by its House sponsor and voted favorably out of committee by a vote of seven to two, remained fixed:
"[T]he key to this language is conduct. The conduct on which the action is based is that of an intoxicated defendant so I think it clearly ties it to the fact that the conduct is that of an intoxicated defendant." (Emphasis added.)[2]
Bearing in mind the penal nature of LSA-C.C. art. 2315.4, we are inclined to subscribe to the position advanced by defendants. We believe this conclusion, that only the intoxicated driver may be cast for damages that are not compensatory in nature, is most consistent with the aims of the legislature.
"The legislature is presumed to have enacted each statute with deliberation and with full knowledge of all existing laws on the same subject. Hayden v. Richland Parish School Board, 554 So.2d 164 (La. App. 2d Cir.1989), writ denied 559 So.2d 124 (La.1990). Thus, legislative language will be interpreted on the assumption that the legislature was aware of existing statutes, rules of construction, and judicial decisions interpreting those statutes. McGee v. State, 502 So.2d 121 (La.App. 4th Cir. 1986), writ denied 505 So.2d 730 (La.1987); Juneau v. Avoyelles Parish Police Jury, 482 So.2d 1022 (La.App. 3rd Cir.1986). Where a statute is susceptible of two constructions, courts will give that construction which best comports with principles of reason, justice, and convenience, for it is to be presumed that the legislature intended such exceptions to its language as would avoid its leading to injustice, oppression, or absurd consequences. Freechou v. Thomas W. Hooley, Inc., 383 So.2d 337 (La. 1980)."
Derouen v. Miller, 614 So.2d 1304, 1308 (La. App. 3d Cir.1993).
There is a presumption against implied repeal; thus, harmonious effect is given to all acts on a subject when reasonably possible. State v. Piazza, 596 So.2d 817, 819 (La.1992). In other words, laws relating to the same subject matter should be read in pari materia. LSA-C.C. art. 13; Keelen v. State Dept. of Culture, Recreation, 463 So.2d 1287, 1289 (La.1985); Malone v. Cannon, 215 La. 939, 41 So.2d 837 (1949); Hoffpauir v. City of Crowley, 284 So.2d 114, 115 (La.App. 3d Cir.), writ denied, 286 So.2d 366 (La.1973). Principally, we allude to LSA-R.S. 9:2800.1, by which the legislature explicitly states that it is the consumption of intoxicating beverages, rather than their sales, which is contra bonos mores. We do not believe the legislature, in enacting legislation presumed to be rational, intended to inhibit suits for general damages against providers of alcohol, but to encourage such claims for penal relief.
In light of the intentions of the legislature as revealed by the article's clear terms and other related legislation on the subject, we hold that LSA-C.C. art. 2315.4 limits those from whom penal relief might be obtained to "a defendant whose intoxication while operating a motor vehicle was a cause in fact ..." of injuries to others. Significantly, the provision defines a limited class of individuals against whom exemplary damages may be awarded, not one which works to deny an accident victim his right to compensatory damages in derogation of LSA-C.C. art. 2315. Cf., Monteville v. Terrebonne Par. Con. Gov't, 567 So.2d 1097, 1100 (La.1990); G.I. Joe, Inc. v. Chevron U.S.A., Inc., 561 So.2d 62, 64 (La.1990).

IN SOLIDO LIABILITY VEL NON
Second, plaintiffs maintain that if defendants are cast for compensatory damages *240 only, they may nevertheless be held accountable for any exemplary damages assessed against the drunken driver.[3] As has just been stated, in light of the penal nature of LSA-C.C. art. 2315.4, the non-driving defendants are not answerable, at least directly, for exemplary damages. Thus, in effect, plaintiffs seek by collateral attack what the law denies them directly.
We reject this contention. Solidary liability is not presumed. It must be established by the parties or by law. LSA-C.C. art. 1796. With the possible exception of the driver's insurer, it is clear that none of the parties has contractually assumed responsibilities for injuries resulting from the minor's driving under the influence.
The question thus becomes whether the law, in this case LSA-C.C. art. 2324, warrants the finding sought by plaintiffs as to the remaining defendants. In support of their position, plaintiffs cite Thibaut v. Thibaut, 607 So.2d 587 (La.App. 1st Cir.), writs denied, 612 So.2d 37, 38, 101 (La.1993), which held that business partners whose fiduciary obligations arise separately can nonetheless be held liable in solido:
"The defendant partners' actions combined and contributed to cause the same item of damages; therefore, they are now obligated to reimburse the partnership and/or the plaintiff partners for the losses sustained as a result of their combined actions."
Id., at 607.
Similar reasoning was used by the Supreme Court in the context of a delictual action in Narcise v. Illinois Cent. R. Co., 427 So.2d 1192 (La.1983). There, answering a certified question from the United States Fifth Circuit, the court concluded that a railroad sued under the Federal Employer's Liability Act (FELA), 45 U.S.C. § 51, et seq, could be solidary liable with third party defendants sued under state general tort law for their alleged negligent manufacturing of certain railroad equipment, notwithstanding that the obligations arose not only from different systems of law, but involved different standards of liability, different defenses and different elements of damages.
"The fact that ICG is liable under the provisions of FELA and third party defendants may be liable under general tort law does not preclude an in solido obligation to the extent that each is liable for certain damages sustained by plaintiff. Article 2092 specifically provides that an `obligation may be in solido, although one of the debtors be obliged differently from the other to the payment of one and the same thing'. It is the coextensiveness of the obligations for the same debt, and not the source of liability, that determines the solidarity of the obligation. Both ICG and third party defendants (according to the third party demand) are coextensively liable for certain damages sustained by plaintiff and may therefore be liable in solido.
"The fact of different defenses, different prescriptive periods, different beneficiaries in some cases, and different elements of damages does not detract from the in solido nature of the obligation of the two debtors. These factors may be significant in determining the existence and extent of the liability of each debtor toward the plaintiff. However, once the extent of each debtor's liability has been determined, there is an in solido obligation as to their common liability to the injured party. (FN3) While one item of damages may be recoverable against one debtor and not the other, the parties are liable in solido as to every item for which plaintiff can compel payment from either. (FN4)
"Therefore, as to the first question, we answer that there can be liability in solido between a third party tortfeasor sued under Louisiana's codal provisions and an employer-railroad sued under FELA.
FN3. In cases in which there is a difference in the items of damages which may be recovered, the use of special interrogatories for the jury verdict may be helpful.
FN4. This is similar to the in solido obligation between a tortfeasor and his liability insurer, when the damages caused *241 by the tortfeasor exceed the insurer's policy limits. The obligation is in solido to the extent of the policy limits, which is the amount plaintiff can compel either to pay."
Id., at 1195.
We find these cases inapposite. Neither Thibaut nor Narcise control the question of whether a co-defendant found liable for general damages may be summoned simply on account of its co-defendant status to bear the responsibility of another condemned to pay exemplary damages. Bearing in mind the nature of exemplary damages, International Harvester Credit, supra, and that LSA-C.C. art. 2315.4 is designed to penalize an intoxicated tortfeasor, not to compensate injured plaintiffs, we hold that those whose conduct is not directly targeted by LSA-C.C. art. 2315.4 cannot be bound by LSA-C.C. art. 2324 to shoulder that responsibility. Stated differently, we hold that, directly or indirectly, only the intoxicated driver, his insurer, and legal representativesin other words, those affiliated with the party targeted by the punitive provisions of LSA-C.C. art. 2315.4may be assessed with punitive damages under that provision. A contrary conclusion would be analogous to finding a liability insurer liable in solido with its insured beyond its policy limits, something which is verboten. See generally, Fertitta v. Allstate Ins. Co., 462 So.2d 159, 162, n. 4, and accompanying text (La.1985).

Compensatory Damages Distinguished
Nonetheless, we do not suggest that plaintiffs are limited as to whom they may proceed against under LSA-C.C. art. 2324 as to their compensatory, i.e., non-penal, relief. Having weighed the circumstances and policy considerations underlying the rules of solidarity, Great S.W. Fire Ins. v. CNA Ins., 557 So.2d 966, 969 (La.1990), we believe that while a party may not be cast with punitive damages indirectly pursuant to LSA-C.C. art. 2324 absent some further legislation granting such sanctions, the provisions of LSA-C.C. art. 2324 remain applicable as to general compensatory damages. Under that provision:
"Judgment debtors are no longer exposed to solidary liability for 100% of the judgment creditor's damages except where the joint tortfeasors commit `an intentional or wilful act.' Instead, a judgment debtor's exposure is limited, in the absence of a greater than 50% assignment of that debtor's fault, to fifty percent of the plaintiff's `recoverable damages.' Nevertheless, a judgment debtor's liability, in the absence of the judgment creditor being assigned a greater degree of fault, is not limited to his assigned percentage of fault...."
Touchard v. Williams, 617 So.2d 885, 891 (La.1993).

CONCLUSION
In light of the foregoing, the trial court's summary judgments are affirmed, at plaintiffs-appellants' costs.
The penal language of LSA-C.C. art. 2315.4, read in pari materia with our state's dram shop law, does not permit the reach of exemplary damages to extend beyond the drunken driver, as the legislative history of LSA-C.C. art. 2315.4 leaves little doubt as to the statute's objectives and limitations. Moreover, while all of the party defendants found negligent are responsible in solido for their compensatory damages in tort, our interpretation of LSA-C.C. art. 2324 is that only the drunken driver, his insurer, and where applicable, his legal representatives, are answerable for any penal relief.

Decree
For the reasons above stated, the summary judgments granted in favor of defendants, Scott Lopez, Food-N-Fun, Inc. and Top's Landing, are affirmed. The trial court is directed to itemize the relief granted plaintiffs, if any, by jury interrogatories or otherwise, and to apportion damages as to them pursuant to LSA-C.C. art. 2324 only as to any non-penal relief that may eventually be granted. Plaintiffs-appellants are cast with all costs of these proceedings.
AFFIRMED WITH INSTRUCTIONS.
NOTES
[1] To be more precise, Mrs. Bourque and her husband, Mark, together with their children, filed suit for damages against defendants, Food-N-Fun, Inc., and its insurer, Boston Old Colony Insurance Company; the minor Scott M. Lopez and his parents, Mr. and Mrs. Lopez, and their insurer, State Farm Fire and Casualty Insurance Company; Michael Bailey, John D. Edwards, Jr. and their insurer, Allstate Insurance Company; Top's Landing and its unnamed insurer.
[2] Although no transcripts of the Senate Judiciary Committee hearing are available, minutes from the meeting are sufficiently complete to know that the same issues were discussed and voted upon.
[3] It should be noted that we are not presently asked to consider the liability of the alleged alcohol providers under LSA-C.C. art. 2315 general tort doctrine. Those issues were treated recently in considerable detail in Hopkins v. Sovereign Fire & Cas., supra.