735 So.2d 822 (1999)
Nancy Foley CURTIS, Richard C. Jolly And Sharon Jeanette
v.
Wilfred A. ROME, Jr., and Crown Beverage Company.
David Bandes
v.
Wilfred Rome, Jr., and Crown Beverage Company, et al.
Ricky Rambo
v.
Wilfred Rome, Jr., and Crown Beverage Company, et al.
Kathi Vogt, Wife of/and Timothy John Vogt
v.
Wilfred Rome, Jr., et al.
Sonja Charbonneau, Wife of/and Wilfred Charbonneau
v.
Wilfred Rome, Jr., et al.
Frederick K. Martin
v.
Wilfred A. Rome, Jr., Crown Beverage Company, et al.
Carolyn O. Wade, et vir.
v.
Lumbermen's Mutual Casualty Company, et al.
Jack A. Cowell, as the Natural Father, et al.
v.
Crown Beverage Company, et al.
Melissa Malone
v.
Wilfred Rome, Jr., John Michel, Crown Beverage Co., et al. *823 
Michelle Belitz
v.
Wilfred A. Rome, Jr., Crown Beverage Company, et al.
Camerson Scott
Wilfred Rome, Crown Beverage Company and American Motorists Insurance Company, et al.
Meredith Attwell
v.
Wilfred Rome, Jr., Crown Beverage Company, et al.
Mathew Hennessy
v.
Wilfred Rome, Jr., Crown Beverage Company, et al.
Julie Ann Garrison, Wife of/and Trent Jewell Garrison
v.
Wilfred A. Rome, Jr., et al.
Josephine Marine Zell, et al.
v.
Crown Beverage Company, Wilfred A. Rome, Jr., et al.
Nos. 98-CA-0966 to 98-CA-0980.
Court of Appeal of Louisiana, Fourth Circuit.
May 5, 1999.
Miles P. Clements, Sidney A. Backstrom, Frilot, Partridge, Kohnke & Clements, L.C., New Orleans, Louisiana, Attorneys for Plaintiff/Appellant Frederick K. Martin.
Virgil A. Lacy, III, Dante' V. Maraldo, Blue Williams, L.L.P., Metairie, Louisiana, Attorneys For Plaintiff/ Appellant Ricky Rambo.
Morton H. Katz, Herman, Herman, Katz & Cotlar, New Orleans, Louisiana, Attorney for Plaintiff/Appellant Josephine Zell.
John Y. Kennedy, John Y. Kennedy, PLC, Metairie, Louisiana, Attorney For Amicus Curiae Mothers Against Drunk Driving.
Joseph Maselli, Jr., Plauche', Maselli, Landry & Parkerson, New Orleans, Louisiana, Attorney for Defendants/Appellees *824 Crown Beverage Company, American Motorists Insurance Company and National Union Fire Insurance Company of Louisiana.
Patrick J. Sanders, Metairie, Louisiana, Attorney for Appellant/Cameron Scott.
Court composed of Judge CHARLES R. JONES, Judge MIRIAM G. WALTZER and Judge PATRICIA RIVET MURRAY.
MURRAY, Judge.
This consolidated appeal arises from the granting of a motion for partial summary judgment in favor of defendants, Crown Beverage Company, and its insurers[1]. For the following reasons, we set aside the summary judgment, and remand.

FACTS AND PROCEDURAL HISTORY:
On March 17, 1995, Wilfred A. Rome, Jr., drove a van owned by Crown Beverage Company into a crowd of people watching a St. Patrick's Day parade on Bourbon Street. One person was killed and thirty-eight others were injured. Although he had retired as an employee of Crown prior to the date of the parade, Mr. Rome was hired by Crown to drive its van in the parade. An investigation of the accident determined that Mr. Rome was legally intoxicated[2] at the time of the accident. He pled guilty to a charge of vehicular homicide.
Numerous lawsuits filed as a result of the accident were consolidated in the district court. All plaintiffs sought exemplary damages under La. Civ.Code art. 2315.4, and Crown moved for partial summary judgment arguing that La. Civ.Code art. 2315.4 did not apply to the claims against it.
After a hearing on the motion, the trial court granted the partial summary judgment, finding that the legislature "clearly intended that the driver and only the driver be found liable for exemplary damages." This appeal followed.

DISCUSSION:
Summary judgments are reviewed on appeal de novo. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730. Thus, this Court must ask itself the same questions as the trial court: is there any question of material fact, and is the mover entitled to judgment as a matter of law? Walker v. Kroop, 96-0618, p.1 (La.App. 4 Cir. 7/24/96), 678 So.2d 580, 582. The facts of this case virtually are undisputed.[3]
*825 Appellants contend that the trial court erred as a matter of law by interpreting art. 2315.4 to preclude the assessment of punitive damages against anyone other than an intoxicated driver. They argue that Crown, who is vicariously liable for Mr. Rome's acts under La. Civ.Code art. 2315.4, is responsible for all damages that may be assessed against him. They also argue that Crown, who is directly culpable because it facilitated Mr. Rome's becoming intoxicated and then placed him behind the wheel of its van to drive in the parade, is within the scope of art. 2315.4.
Crown counters that the language of the statute clearly and unambiguously provides that it is applicable to an intoxicated defendant. Because the article does not authorize the imposition of exemplary damages against third parties it cannot be held vicariously, directly, or solidarily liable with Mr. Rome for such damages.
There is no case directly on point addressing this issue. Each side, however, cites authority that it contends supports its position. Appellants rely on Levet v. Calais & Sons, Inc., 514 So.2d 153 (La.App. 5 Cir.1987), and Crown relies on Bourque v. Bailey, 93-1657 (La.App. 3 Cir. 9/21/94), 643 So.2d 236, writ denied 94-2619 (La.12/16/94), 648 So.2d 392. Neither case squarely presents the question at issue herein.
The Fifth Circuit upheld the assessment of punitive damages against an employer for the damages caused by its intoxicated employee driver in Levet. It, however, did not "judge the philosophical pros and cons of assessing punitive damages against one whose only liability for the injuries sustained is vicarious." 514 So.2d at 158. Because the employer had stipulated to its vicarious liability without distinguishing between compensatory and punitive damages, it was precluded from raising the issue of whether it could be cast for such damages. Id. at 159.
In Bourque, cited by Crown, the Third Circuit concluded that only the intoxicated driver could be cast for exemplary damages under La. Civ.Code art. 2315.4 Bourque, however, did not involve defendants who were legally responsible for the intoxicated driver. Interestingly, the holding of the opinion indicates that the court would conclude that one who is legally responsible for an intoxicated driver also could be cast for punitive damages under art. 2315.4. In rejecting the plaintiffs argument that a defendant who is solidarily liable with the intoxicated driver would be accountable for exemplary damages, the court held that:
... directly or indirectly, only the intoxicated driver, his insurer, and legal representativesin other words, those affiliated with the party targeted by the punitive provisions of LSA-C.C. art. 2315.4may be assessed with punitive damages under that provision. (emphasis added)
93-1657 at p. 8, 643 So.2d at 241.
We agree that those who are legally responsible for the intoxicated driver may be assessed with punitive damages under La. Civ.Code art. 2315.4.
Article 2315.4 provides that:
In addition to general and special damages, exemplary damages may be awarded upon proof that the injuries on which the action is based were caused by wanton or reckless disregard for the rights and safety of others by a defendant whose intoxication while operating a motor vehicle was a cause in fact of the resulting injuries.
La. Civ.Code art. 13 charges that "[l]aws on the same subject matter must be interpreted in reference to each other."
Louisiana Civil Code art. 2320, which imposes liability upon an employer for the acts of its employees, provides that:
Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed.

*826 * * * *
In the above cases, responsibility only attaches, when the masters or employers,..., might have prevented the act which caused the damage, and have not done it.
The master is answerable for the offenses and quasi-offenses committed by his servants, according to the rules which are explained under the title: Of quasi-contracts, and of offenses and quasi-offenses.

Article 2315.4 is found in Title V, Book III, Chapter 3, entitled "Of Offenses and Quasi Offenses." It, therefore, is one of the rules referenced by art. 2320. Because art. 2315.4 and art. 2320 concern the same subject matter, they must be interpreted in reference to each other.
Based on the facts stipulated to for purposes of the summary judgment motion, Crown is vicariously responsible under La. Civ.Code art. 2320 for the damage caused by Mr. Rome. This would include exemplary damages under La. Civ.Code art. 2315.4.
Because of this disposition, we do not address the other question raised by appellants: whether a defendant who contributes to a driver's becoming intoxicated can be cast for exemplary damages under art. 2315.4.
The judgment of the trial court granting Crown Beverage's motion for partial summary judgment is set aside, and the case remanded for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] Appellants are Ricky Rambo, Frederick K. Martin, Cameron Scott, and Josephine Zell. Messrs. Rambo and Martin and Ms. Zell have filed briefs; Mr. Scott has adopted the position of the other appellants.
[2] His blood alcohol level was 1.56.
[3] Crown Beverage stipulated to the following facts for purpose of the summary judgment motion:

1. Mr. Rome was driving the Crown Beverage vehicle with the full authority and permission of Crown Beverage.
2. Mr. Rome was intoxicated while operating the vehicle and his intoxication was a cause in fact of the resulting injuries sustained by the various plaintiffs.
3. Other Crown Beverage employees were in the vehicle at the time of the accident and were aware that Mr. Rome was drinking alcoholic beverages while operating the van.
4. At least some of the alcohol imbibed by Mr. Rome was provided by Crown Beverage.
5. Although the Crown Beverage van was advertising "Killian's Red" Irish beer on the exterior of the van, there was no "Killian's Red" beer in the van; instead there was "Coor's Light" beer in the van.
6. Although Mr. Rome had retired from Crown Beverage more than a month prior to the date of the accident, he was offered the opportunity to return to work at Crown Beverage on a part time basis, but had not been asked to return as of the time of the March 17, 1995, accident and, in fact, has never returned to work for Crown Beverage since the date of the accident.
7. Mr. Rome had no prior history of driving while intoxicated and had never been charged with driving while intoxicated.