COOKS, J.
11 FACTS AND PROCEDURAL HISTORY
Bonnie Romero (Plaintiff) was allegedly injured in an automobile accident when her car was struck by an eighteen wheeler tractor-trailer driven by Gregory J. Vid-rine (Vidrine). Plaintiff alleges Vidrine ran through a stop sign and collided with her vehicle. She further alleges Vidrine was acting in the course and scope of his employment with Renae G. Stanford, Inc. *791 d/b/a Stanford Truck Lines (Stanford) when the accident occurred. Plaintiff also alleges Vidrine was under the influence of drugs at the time of the accident and that he refused to submit to a post-accident drug and alcohol test when requested to do so by his employer. Stanford fired Vid-rine for refusing to submit to drug and alcohol testing following the accident.
Plaintiff amended her original petition for damages alleging she is entitled to recover punitive damages against all defendants named in her suit under the provisions of La.Civ.Code art. 2315.4. Stanford asserts Plaintiff has no right of action and no cause of action against it for punitive damages as a matter of law, maintaining that punitive damages are only recoverable against Vidrine individually.
Plaintiff filed a motion for summary judgment on the issue of punitive damages against Stanford and its insurers, and filed a motion to compel discovery of information relating to Stanford’s financial worth. Stanford filed a cross motion for summary judgment alleging it is not vicariously liable for any punitive damages which may be awarded against Vidrine. The trial court denied Plaintiffs motion for summary judgment and her motion to compel discovery and granted Stanford’s cross motion for summary judgment finding Stanford is not liable for any punitive damages which may be awarded against Vid-rine. Plaintiff filed a writ of review with this court which we denied with instructions to Plaintiff that she request the trial court certify its ruling as a final judgment. The trial court certified the ruling as a final judgment |2and Plaintiff now appeals the trial court’s denial of her motion for summary judgment and denial of her motion to compel discovery. Vidrine also assigns error on appeal alleging the trial court erred in failing to dismiss Plaintiffs motion for summary judgment as premature. However, Vidrine did not file an Answer to the appeal nor did Vidrine appeal the trial court’s ruling. We, therefore, cannot consider Vidrine’s assignment of error.
ANALYSIS
Plaintiff is not entitled to recover punitive damages from Stanford. Although our courts have not had occasion to rule directly on the question of whether punitive damages, such as those imposed under the provisions of La.Civ.Code art. 2815.4, can be imposed upon a party vicariously liable for general damages, the jurisprudence applying Article 2315.4 and other punitive damage statutes is instructive.
In Louisiana, there is a general public policy against punitive damages; thus a fundamental tenet of our law is that punitive or other penalty damages are not allowable unless expressly authorized by statute. Ricard v. State, 390 So.2d 882 (La.1980); Killebrew v. Abbott Labs., 359 So.2d 1275 (La.1978). Furthermore, when a statute does authorize the imposition of punitive damages, it is subject to strict construction. International Harvester Credit, 518 So.2d at 1041; State v. Peacock, 461 So.2d 1040, 1044 (La.1984).
Ross v. Conoco, Inc., 02-299, p. 14 (La.10/15/02), 828 So.2d 546, 555.
Louisiana Civil Code Article 2315.4 provides:
In addition to general and special damages, exemplary damages may be awarded upon proof that the injuries on which the action is based were caused by a wanton or reckless disregard for the rights and safety of others by a defendant whose intoxication while operating a motor vehicle was a cause in fact of the resulting injuries.
Vicarious liability of employers for the actions of their employees is established in *792 the Louisiana Civil Code at Article 2320. It provides in part (emphasis added):
Masters and servants are answerable for the damage occasioned |3by their servants and overseers, in the exercise of the functions in which they are employed.
Teachers and artisans are answerable for the damage caused by their scholars or apprentices while under their superintendence.

In the above cases, responsibility only attaches, when the masters or employers, teachers or artisans, might have prevented the act which caused the damage, and have not done it.

The master is answerable for the offenses and quasi-offenses committed by his servants, according to the rules which are explained under the title: Of quasi-contracts, and of offenses and quasi-offenses.
First, we note, there is no evidence nor allegation that Stanford “might have prevented” Vidrine’s intoxication. Additionally, Stanford insisted that Vidrine be tested immediately following the accident and fired him when he refused to be tested. Thus, under the express provisions of La. Civ.Code art. 2320, Stanford’s vicarious liability for damages which resulted from Vidrine’s intoxicated state hinges upon whether it could have prevented Vidrine from driving while under the influence of drugs or alcohol. Further, we find this Article addresses only the compensatory damages which Stanford’s servant may have caused by his negligence. The Louisiana Supreme Court, when reviewing similar language found in La. Civ.Code art. 2324, held:
[T]he language of Article 2324 that co-conspirators are answerable in solido ‘for the damage caused by such act’ indicates that the Article imposes soli-dary liability only for compensatory damages. As the dissenting judge in the court of appeal below points out, this wording is important. See (Ross [v. Conoco, Inc., 00-1757 (La.App. 3 Cir. 12/26/01)], 805 So.2d [352], 369.) (Amy, J., dissenting). It is compensatory damages that recompense a plaintiff for injury caused by a defendant’s act. Punitive damages, on the other hand, are not caused by a defendant’s act and are not designed to make an injured party ‘whole.’ Rather, they are meant to punish the tortfeasor and deter specific conduct to protect the public interest. Billiot [v. B.P. Oil Co., 93-1118 (La.9/28/94), 645 So.2d 604], 612 [overruled on other grounds Adams v. J.E. Merit Constr., 97-2005 (La.5/19/98), 712 So.2d 88.] Consequently, we conclude that the solidarity imposed by Article 2324, cannot be used to assess punitive damages against a party based on the acts of co-conspirators. To be subject to punitive damages, each cojconspirator’s4 individual conduct must fall within the scope of the applicable penal statute. Ross, 828 So.2d at 552-53.
Likewise, there is no reference in Article 2320 to vicarious liability for punitive damages imposed upon an individual for proscribed behavior.
The language of Article 2315.4 is clear and unambiguous. It expressly provides for punitive damages against “a defendant ” who recklessly or wantonly disregards the safety of others by driving while intoxicated. The article is clearly aimed at the offending person’s behavior and none other. We addressed the application of Article 2315.4 to persons who supplied liquor to a driver in Bourque v. Bailey, 93-1657 (La.App. 3 Cir. 9/21/94), 643 So.2d 236, writ denied, 94-2619 (La.12/16/94), 648 So.2d 392. In that case, later cited by the Louisiana Supreme Court with approval, we refused to hold *793 third parties who supplied alcoholic beverages to the defendant driver liable for punitive damages which arose as a result of the defendant driver’s intoxication. As we stated in Bourque, 643 So.2d at 239 (emphasis added):
In light of the intentions of the legislature as revealed by the article’s clear terms and other related legislation on the subject, we hold that LSA-C.C. art. 2315.4 limits those from whom penal relief might be obtained to ‘a defendant whose intoxication while operating a motor vehicle was a cause in fact ...’ of injuries to others. Significantly, the provision defines a limited, class of individuals against whom exemplary damages may be awarded, not one which works to deny an accident victim his right to compensatory damages in derogation of LSA-C.C. art. 2315.1. Cf., Monteville v. Terrebonne Par. Con. Gov’t., 567 So.2d 1097, 1100 (La.1990); Cf. Joe, Inc. v. Chevron U.S.A., Inc., 561 So.2d 62, 64 (La.1990).
We also rejected the contention in Bo-urque that the third parties who supplied liquor to the defendant should be held liable in solido for any exemplary damages assessed against the defendant intoxicated driver. We held:
Neither Thibaut [v. Thibaut, 607 So.2d 587 (La.App. 1st Cir.), writs denied, 612 So.2d 37 (La.1993)] nor Narcise [v. Illinois Cent. R. Co., 427 So.2d 1192 (La.1983)] control the question of whether a co-defendant found liable for general damages may be summoned simply on account of its co-defendant status to bear the responsibility of another condemned to pay exemplary damages. Bearing in mind the nature of exemplary damages, International Harvester Credit, supra, and that LSA-C.C. art. 2315.4 is designed to penalize an intoxicated tortfeasor, not to compensate injured plaintiffs, we hold that those whose conduct is not directly targeted by LSA-C.C. art. 2315.4 cannot be bound by LSA-C.C. art. 2324 to shoulder that responsibility. Stated differently, we hold that, directly or indirectly, only the intoxicated driver, his insurer, and legal representatives — in other words, those affiliated with the party targeted by the punitive provisions of LSA-C.C. art 2315.4 — may be assessed with punitive damages under that provision. A contrary conclusion would be analogous to finding a liability insurer liable in solido with its insured beyond its policy limits, something which is verboten. See generally, Fertitta v. Allstate Ins. Co., 462 So.2d 159, 162, n. 4, and accompanying text. (La.1985).
Bourque, 643 So.2d at 241 (emphasis added).
In Ross, the Louisiana Supreme Court, quoting from our decision in Bourque, rejected the assessment of punitive damages against co-conspirators under the provisions of former LSA-Civ.Code art. 2315.3. The court in Ross stated:
In Bourque v. Bailey, 93-1657 (La.App. 3d Cir.9/21/94), 643 So.2d 236, writ denied, 94-2619 (La.12/16/94), 648 So.2d 392, a panel of the Third Circuit Court of Appeal considered the issue of whether persons who contribute to the intoxication of the driver, including a bar owner, store proprietor, and/or passenger who supply the driver with alcohol, could be cast with punitive damages through Article 2324. The court noted that Article 2315.4 must be narrowly interpreted and that punitive damages are designed to penalize an intoxicated tortfeasor, not simply to compensate an injured plaintiff. Bourque, 643 So.2d at 241. The court relied on the legislative history of Article 2315.4 to determine that the intoxicated driver was the only party cov *794 ered by the statute. Id. Accordingly, the court held that those co-defendant participants whose conduct is not directly targeted by article 23154 cannot be bound by Article 2324, to shoulder the punitive damages responsibility. Id.
Ross, 828 So.2d at 554 (emphasis added). There is nothing in the record which demonstrates any behavior on the part of Stanford for which Stanford should be penalized as an offending tortfeasor.
In reaching its decision in Ross, the Louisiana Supreme Court also relied on its Indecision in Berg v. Zummo, 00-1699 (La.4/25/01), 786 So.2d 708:
This court in Berg v. Zummo, 00-1699 (La.4/25/01), 786 So.2d 708, adopted the reasoning of Bourque and concluded that the legislature attempted to target only the conduct of the intoxicated driver of the motor vehicle when it passed Article 2315.4; thus, the Article does not allow the imposition of punitive dam-ayes against persons who have allegedly contributed to the driver’s intoxication. As we determine here, former Article 2815.3 was similarly targeted only at those parties who directly store, handle, or transport the hazardous substance that harms the plaintiff. Accordingly, alleged co-conspirators cannot be brought within the scope of this punitive statute through application of Article 2324.
Ross, 828 So.2d at 554 (emphasis added). The Louisiana Supreme Court in Ross expressly rejected the lower court’s “expansive interpretation” of former Article 2315.3 and found it failed to adhere to the policy of strict construction of our punitive statutes. Id. at 555. In view of the rationale stated in these decisions we do not believe that the punitive damages provided for in LSA-Civ.Code art. 2315.4 can be assessed against Stanford as Vidrine’s employer, especially where there has been no allegation nor any showing made that Stanford in any manner contributed to Vidrine’s intoxication. The trial court correctly rejected Plaintiffs motions. The ruling of the trial court is affirmed and all costs of this appeal are assessed against Plaintiff.
AFFIRMED.
THIBODEAUX, Chief Judge, dissents and assigns written reasons.