# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 25, 2012

No. 11-30958
Summary Calendar

Lyle W. Cayce
Clerk

ALONZO CELESTINE,

Plaintiff-Appellant

v.

TRANSWOOD, INC.,

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 3:10-cv-00771-SRD-KWR

Before KING, JOLLY and GRAVES, Circuit Judges.

PER CURIAM:[*]

Alonzo Celestine appeals the district court's dismissal of his complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). The district court found that Celestine's complaint did not meet the requisite $75,000 jurisdictional amount required by 28 U.S.C. § 1332. We affirm the judgment of the district court.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30958

## Facts and Procedural History

Celestine began work with TransWood, Inc. as an independent contractor prior to 2008. In September 2009, Celestine leased a truck from TransWood, which paid Celestine to obtain a transponder – a GeauxPass for Louisiana's statewide toll system. A GeauxPass is an electronic transponder connected to a prepaid account which allows the user to use tollways without stopping to pay the toll on roads such as the LA 1 Expressway, the Crescent City Connection, and toll roads to Grand Isle or Port Fourchon.

After TransWood paid for the transponder, TransWood and Celestine arranged to evenly divide the costs of any tolls. On December 17, 2009, Celestine ended his independent contractor relationship with TransWood. Celestine returned the TransWood truck with the GeauxPass inside. TransWood attempted to reassign the GeauxPass to another TransWood driver. During the transfer process, TransWood signed Celestine's name to paperwork in order to transfer the GeauxPass. Upon being contacted by the GeauxPass system administrators, Celestine directed the administrators to leave the GeauxPass in his name. Celestine then contacted TransWood, and TransWood returned the GeauxPass to him.

Celestine filed his complaint in federal district court against TransWood. Celestine claimed damages for identity theft as a result of the attempted transfer of the GeauxPass and alleged falsification of two driver daily logs. TransWood filed a motion to dismiss for lack of subject matter jurisdiction because Celestine could not satisfy the jurisdictional amount-in-controversy. The district court granted TransWood's motion to dismiss. Celestine appealed.

## Analysis

### A. Standard of Review

This court reviews the district court's dismissal for lack of subject matter jurisdiction *de novo. LeClerc v. Webb*, 419 F.3d 405, 413 (5th Cir. 2005). Federal

No. 11-30958

courts have limited jurisdiction, and therefore, the power to adjudicate claims only when jurisdiction is conferred by statute and the constitution. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). A federal court properly dismisses a case for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. *Homebuilders Assn of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id*. A pleading stating a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction[.]" Fed. R. Civ. P. 8(a)(1).

**B.    Subject Matter Jurisdiction**

   **1.    Jurisdictional Amount**

Diversity jurisdiction exists when: (1) there is diversity of citizenship between the parties, and (2) the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332; *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 387 (5th Cir. 2009). Celestine and TransWood do not dispute diversity of citizenship, so we turn to the jurisdictional amount in controversy. The amount in controversy for jurisdictional purposes is determined by the amount of damages or the value of the property that is the subject of the action. *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). Where, as here, the plaintiff's complaint makes only a conclusory statement concerning jurisdiction and the amount in controversy is indeterminate, we ask "whether it is 'facially apparent' that the claims exceed the jurisdictional amount." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

Here, Celestine bore the burden of demonstrating that his claim met the requirements of federal diversity jurisdiction. Celestine did not and cannot

3

satisfy that burden. First, TransWood, not Celestine, paid to obtain the GeauxPass. Second, the GeauxPass system administrators never transferred the GeauxPass out of Celestine's name. Third, the GeauxPass itself, including prepaid charges, had a value of less than $300. Fourth, TransWood returned the GeauxPass to Celestine.

### 2. Punitive Damages

The amount in controversy may include punitive damages if they are recoverable as a matter of state law. *Id.* at 1254. "In Louisiana, there is a general public policy against punitive damages; thus a fundamental tenet of our law is that punitive or other penalty damages are not allowable unless expressly authorized by statute." *Romero v. Clarendon Am. Ins. Co.*, 54 So.3d 789, 791 (La.App. 2010). Celestine's complaint demanded compensatory and punitive damages. However, Celestine has not set forth any facts that would justify an award of such damages in any amount. The amount in controversy remains unaffected by such a prayer by Celestine, because punitive damages are not recoverable based on the allegations in Celestine's complaint. Although Celestine prays for emotional distress damages, he does not allege any facts indicating he actually suffered emotional distress. Additionally, Celestine has not alleged how Transwood's alleged forgery on its driver's daily logs has damaged him. Celestine's punitive damages prayer alone cannot help him meet the required amount in controversy.

### 3. Attorney's Fees & Costs

Likewise, Celestine's prayer for attorney's fees cannot satisfy the jurisdictional amount. Attorney's fees are included in the computation of the jurisdictional amount only when they are expressly authorized under applicable state law. *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 874 (5th Cir. 2002). Celestine, who bears the burden of establishing jurisdiction, does not identify any state law that entitles him to attorney's fees here.

No. 11-30958

In sum, Celestine does not allege how he has been damaged. Celestine's complaint does not remotely approach the required jurisdictional amount of greater than $75,000.00.

> While a federal court must of course give due credit to the good faith claims of the plaintiff, a court would be remiss in its obligations if it accepted every claim of damages at face value, no matter how trivial the underlying injury. This is especially so when, after jurisdiction has been challenged, a party has failed to specify the factual basis of his claims. Jurisdiction is not conferred by the stroke of a lawyer's pen. When challenged, it must be adequately founded in fact.

*Diefenthal v. C. A. B.*, 681 F.2d 1039, 1052 (5th Cir. 1982). Neither Celestine's prayer for punitive damages nor his claim for attorney's fees are sufficient for inclusion in the computation of the required amount in controversy.

## Conclusion

For the foregoing reasons, this court affirms the district court's granting of TransWood's motion to dismiss.