KRYSTYN LANDRY

VERSUS

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURG,
CEVA LOGISTICS U.S., INC. AND
JEREMIAH ETHAN RODNEY

NO. 19-CA-337

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-NINTH JUDICIAL DISTRICT COURT
PARISH OF ST. CHARLES, STATE OF LOUISIANA
NO. 81,3, DIVISION "C"
HONORABLE EMILE R. ST. PIERRE, JUDGE PRESIDING

December 30, 2019

**STEPHEN J. WINDHORST**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
Stephen J. Windhorst, and Hans J. Liljeberg

**REVERSED IN PART; AFFIRMED IN PART; REMANDED**
    **SJW**
    **JGG**
    **HJL**

COUNSEL FOR PLAINTIFF/APPELLANT,
KRYSTYN LANDRY
     Taylor M. Burnham
     Terry B. Loup

COUNSEL FOR DEFENDANT/APPELLEE,
CEVA LOGISTICS U.S., INC.
     Raymond C. Lewis
     M. Elizabeth Evans Tamporello

**WINDHORST, J.**

In this personal injury action seeking compensatory and punitive damages, appellant/plaintiff, Kristyn Landry, appeals the trial court's judgment granting defendant's partial motions for summary judgment and dismissing plaintiff's negligent hiring, training, supervision and entrustment claims and exemplary damages claim against CEVA Logistics U.S., Inc. ("CEVA"). For the reasons stated, we reverse in part the trial court's judgment dismissing plaintiff's exemplary damages claim against CEVA, but affirm the judgment to the extent it dismissed plaintiff's separate negligent hiring, training, supervision and entrustment claims against CEVA.

**Facts and Procedural History**

Ms. Landry was injured in an automobile accident when her car was struck by an eighteen wheeler tractor-trailer driven by Jeremiah Rodney. On March 17, 2015, Rodney, an employee of CEVA, was driving an eighteen wheeler heading eastbound on Highway 90 in St. Charles Parish, Louisiana. As he approached the traffic signal near the entrance to the Wal-Mart on Highway 90, he rear-ended two vehicles which were stopped at a red light, one in the right lane and one in the left lane. The vehicle in the right lane was being operated by Elizabeth Johnson; the vehicle in the left lane was being operated by Ms. Landry. After striking the two vehicles, Rodney veered into the westbound lane of Highway 90 and collided with a third vehicle being driven by Rebecca Matherne.

On February 4, 2016, Ms. Landry filed a petition for damages naming Rodney, CEVA and National Union Fire Insurance Company of Pittsburgh as defendants. In her petition, plaintiff asserted that (1) Rodney was negligent; (2) Rodney was operating his vehicle in an impaired or intoxicated state under the influence of Xanax and cocaine and sought exemplary damages against Rodney for the same; (3) CEVA was jointly, severally, solidarily, and vicariously liable for Rodney's negligence as

his employer; and (4) CEVA was negligent in failing to properly select, train and/or supervise Rodney in entrusting its vehicle to him.

In its answer, CEVA admitted that Rodney was its employee, but denied that he was in the course and scope of his employment at the time of the accident. Significantly, however, CEVA later admitted both employment and course and scope in its responses to plaintiff's discovery requests.

On February 13, 2019, CEVA filed two motions for partial summary judgment. In one motion, CEVA asserted that it is not vicariously liable for any punitive damages which may be awarded against Rodney. In the second motion, CEVA asserted that Ms. Landry's separate claims of negligent hiring, training, supervision and entrustment against it were improper because it had stipulated Rodney was in the course and scope of his employment, thereby accepting vicarious liability for Rodney's acts. The trial court granted CEVA's motions for partial summary judgment, ruling that (1) CEVA, as Rodney's employer, cannot be held liable for exemplary damages awarded against him; and (2) because the issues of employment and course and scope have been resolved by the admissions of record, Ms. Landry may not simultaneously maintain independent tort claims against both Rodney and CEVA. The trial court dismissed with prejudice plaintiff's negligent hiring, training, supervision and entrustment claims and exemplary damages claim against CEVA.

**Assignments of Error**

Appellant presents the following assignments of error: (1) whether the trial court erred in concluding that an employer cannot be held vicariously liable for exemplary damages; (2) whether the trial court erred in concluding that plaintiff could not maintain causes of action against the defendant employer for negligent hiring, training, supervision, and entrustment after that defendant employer has admitted that the employee was acting within the course and scope of his

employment at the time of the accident; (3) whether the trial court erred in concluding that a defendant employer cannot be held liable for exemplary damages independently through a negligent entrustment claim; and (4) whether the trial court erred in granting defendant's motions for partial summary judgment and dismissing plaintiff's claims with prejudice.

**Law and Analysis**

Appellate courts review a judgment granting a motion for summary judgment *de novo* using the same criteria governing the trial court's consideration of whether summary judgment is appropriate. Rayfield v. Millet Motel, 15-496 (La. App. 5 Cir. 1/27/16), 185 So.3d 183, 185. "A motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966 (A)(2). To determine if summary judgment is appropriate, this Court must ask the same questions as the trial court: is there any question of material fact, and is the mover entitled to judgment as a matter of law? Curtis v. Rome, 98-0966 (La. App. 4 Cir. 5/5/99), 735 So.2d 822, 824, writ denied sub nom. Rambo v. Rome, 99-1617 (La. 10/1/99), 748 So.2d 441, citing Walker v. Kroop, 96-618 (La. App. 4 Cir. 7/24/96), 678 So.2d 580, 582.

*Vicarious Liability of an Employer for Exemplary Damages*

Appellant contends that the trial court erred as a matter of law by interpreting La. C.C. art. 2315.4 to preclude the assessment of punitive damages against anyone other than an intoxicated driver. She argues that CEVA, who is vicariously liable for Mr. Rodney's acts under La. C.C. art. 2320, is responsible for all damages, including compensatory and exemplary damages, that may be assessed against him. She further argues that Louisiana law supports the imposition of exemplary damages against an employer in cases involving intoxicated driving by an employee,

and an employer's conscious disregard of its internal policies designed to keep dangerous drivers off the road.

CEVA counters that the language of La. C.C. art. 2315.4 clearly means that only the driver behind the steering wheel who is intoxicated is penalized with liability for exemplary damages. CEVA further argues that the legislative history indicates the article is targeted at intoxicated drivers and intended to punish the intoxicated defendant financially by imposing additional damages against him.

There are a number of cases that are instructive on this issue, although many are not directly dispositive of the issue. Appellant relies on Levet v. Calais & Sons, Inc., 514 So.2d 153 (La. App. 5 Cir. 1987) and Curtis, supra, while CEVA relies on Berg v. Zummo, 00-1699 (La. 4/25/01), 786 So.2d 708, Ross v. Conoco, Inc., 02-299 (La. 10/15/02), 828 So.2d 546, Darby v. Sentry Ins. Auto Mut. Co., 07-407 (La. App. 4 Cir. 3/23/07), 960 So.2d 226, writ denied, 07-638 (La. 3/28/07), 953 So.2d 59, and Romero v. Clarendon Am. Ins. Co., 10-338 (La. App. 3 Cir. 12/29/10), 54 So.3d 789, writ denied, 11-551 (La. 4/25/11), 62 So.3d 9.

In Berg, the Louisiana Supreme Court addressed whether the court of appeal erred in reversing a jury verdict against the defendant upon finding (1) that liability cannot be imposed against a bar owner who serves alcohol to a minor who becomes intoxicated and causes injuries to others, and (2) that punitive damages cannot be assessed against a bar owner under La. C.C. art. 2315.4. Berg, 786 So.2d at 710. The supreme court concluded that the legislative history reflects the legislature's intent to penalize only the intoxicated driver of a motor vehicle consistent with the narrow construction of penal statutes. As a result, the supreme court affirmed the court of appeal's holding that La. C.C. art. 2315.4 does not allow the imposition of punitive damages against persons who have allegedly contributed to the driver's intoxication. 786 So.2d at 717-18. The supreme court specifically stated "We express no view on whether punitive damages can be imposed against a party who

is vicariously liable for general damages resulting from the conduct of an intoxicated person, such as an employer." 786 So.2d at 718 (note 6).

In Levet, this Court upheld the assessment of punitive damages against an employer for the damages caused by its intoxicated employee driver. Levet v. Calais & Sons, Inc., *supra*. This Court, however, did not directly address the legal or public policy issues associated with assessing punitive damages against one whose only liability for the injuries sustained is vicarious. Because the employer had stipulated to its vicarious liability without distinguishing between compensatory and punitive damages, this Court found that it was precluded from raising the issue of whether it could be cast for punitive damages. Levet, 514 So.2d at 159.[1]

In Curtis, the Louisiana Fourth Circuit Court of Appeal held that, under La. C.C. art. 2315.4, those who are legally responsible for the intoxicated driver may be assessed with punitive damages. 735 So.2d at 825. The court relied on La. C.C. art. 2320, which states that masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed. The Curtis case involved an intoxicated defendant's employer who was held vicariously liable for exemplary damages arising from a car crash the employee caused. While the evidence showed that the employer supplied alcohol that the employee consumed prior to the accident, the court did not address the issue of whether a defendant who contributes to a driver's intoxication can be cast for

---

[1] In addressing principal liability for punitive damages under La. C.C. art. 2315.3, this Court held that negligence for punitive damages, like any other type of negligence, may be imputed to a principal through the acts of an agent. This Court stated, "It seems to us that to hold that the negligence of an agent cannot be imputed to the principal in awarding punitive damages would have the effect of virtually eliminating punitive damage awards. Likewise, in order to avoid punitive damage liability, a corporation would simply have to create a separate entity to perform the hazardous activities, thus insulating itself from punitive liability. To allow punitive liability to be so easily sidestepped runs counter to the legislature's public policy concerns in imposing punitive damages in certain enumerated situations." Rivera v. United Gas Pipeline Co., 96-502 (La. App. 5 Cir. 6/30/97), 697 So.2d 327, 336, writ denied, 97-2030 (La. 12/12/97), 704 So.2d 1196, and writ denied, 97-2031 (La. 12/12/97), 704 So.2d 1197, and writ denied, 97-2032 (La. 12/12/97), 704 So. 2d 1197, and writ denied, 97-2034 (La. 12/12/97), 704 So.2d 1197.

punitive damages under La. C.C. art. 2315.4. See also, <u>LaCoste v. Crochet</u>, 99-602 (La. App. 4 Cir. 1/5/00), 751 So.2d 998.

The Louisiana Third Circuit Court of Appeal has addressed a similar issue and concluded that, under La. C.C. art. 2315.4, only the intoxicated driver could be cast for exemplary damages. <u>Bourque v. Bailey</u>, 93-1657 (La. App. 3 Cir. 9/21/94), 643 So.2d 236. The <u>Bourque</u> case, however, did not involve the intoxicated driver's employer or even a defendant vicariously liable for the intoxicated driver. Instead, it involved defendants, similar to <u>Berg</u>, who allegedly contributed to the driver's intoxication, a bar owner and store proprietor who provided alcohol to a minor whose subsequent driving under the influence resulted in an accident.[2]

More recently, the Third Circuit specifically addressed whether an employer could be held vicariously liable for punitive damages awarded against its employee, and held that the employer could not. <u>Romero</u>, 54 So.3d at 792. The Third Circuit relied on the following in reaching this conclusion: (1) the general public policy against punitive damages pursuant to which such are only allowable if expressly authorized by statute; (2) the language in La. C.C. art. 2320 providing that employer liability "only attaches, when the masters or employers, teachers or artisans, might have prevented the act which caused the damage, and have not done it"; (3) there was no evidence that the driver's employer might have prevented the driver's intoxication; (4) the conclusion that La. C.C. art. 2320 only encompassed compensatory damages; and (5) the Louisiana Supreme Court's rejection to assess punitive damages against co-conspirators in <u>Ross</u> under the provisions of former La. C.C. art. 2315.3, and that opinion's reliance on its decision in <u>Berg</u>, *supra.* In <u>Romero</u>, the Third Circuit specifically held that based on the rationale of several cases discussed, it did not believe that the punitive damages provided for in La. C.C.

---

[2] In considering the issue, the Third Circuit reviewed transcripts from legislative hearings leading to the article's enactment and found these lead to an interpretation consistent with this state's view that penal provisions are to be narrowly construed to punish only those whose conduct society seeks to influence.

art. 2315.4 could be assessed against Vidrine's employer, "especially where there has been no allegation nor any showing made that Stanford in any manner contributed to Vidrine's intoxication." 54 So.3d at 794.

In Darby, the Louisiana First Circuit Court of Appeal addressed whether an employer could be held liable for exemplary damages against defendant employee who caused injury by operating a motor vehicle while intoxicated. 960 So.2d at 233. At the time of the accident, Lakeshore employed the intoxicated driver as a car salesman and he was driving a vehicle owned by Lakeshore. The intoxicated driver was not in the course and scope of his employment at the time of the accident, but plaintiff alleged that Lakeshore negligently allowed the driver use of a company car despite its actual knowledge of the driver's serious alcohol abuse problem and history of driving while intoxicated. Given the rule of strict construction of penal statutes and the Ross court's conclusion that punitive damages cannot be assessed against co-defendants *in solido*, the First Circuit concluded that even if a jury finds that Lakeshore conspired with the employee Amond (the intoxicated driver) to violate La. R.S. 32:417, it cannot be held liable, *in solido* for its alleged co-conspirator's prohibited La. C.C. art. 2315.4 conduct and, thus, La. C.C. art. 2315.4 exemplary damages. 960 So.2d at 233.

The First Circuit further concluded that because Darby had conceded the "course and scope" requirement of her *respondeat superior* claim and the trial court had dismissed Darby's *respondeat superior* claims without prejudice, a jury could not find Amond acted within the "course and scope of his employment" and impose liability on Lakeshore for damages under La. C.C. art. 2320. The First Circuit stated that this conclusion pretermitted a discussion as to whether an employer who is vicariously liable under Article 2320 is liable for exemplary as well as compensatory damages.

For the following reasons, we find that the trial court erred in concluding that CEVA could not be vicariously liable for exemplary damages awarded against Rodney.

First, when the supreme court addressed whether *solidarily* liable defendants could be *solidarily* liable for punitive damages, it expressly cautioned that its analysis did ***not*** encompass ***vicariously*** liable defendants. Berg, 786 So.2d at 718 (note 6). As recognized by the dissent in Romero, the focus in the conspirators' punitive liability is on the person(s) whose culpable conduct caused plaintiff's injuries. 54 So.3d at 795. "The theory of vicarious liability is different in that the focus is not on the culpability of the defendant but on *who will be paying for the damages once they are assessed*." Id.

Second, the language of La. C.C. arts. 2315.4 and 2320 indicate that the resolution of this issue should include consideration of whether the employer might have prevented the employee from driving while intoxicated. La. C.C. art. 2315.4 states that "exemplary damages may be awarded upon proof that the injuries on which the action is based were caused by a wanton or reckless disregard for the rights and safety of others by a defendant whose intoxication while operating a motor vehicle was a cause in fact of the resulting injuries." La. C.C. art. 2320, the vicarious liability provision, states that:

> Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed.
>
> Teachers and artisans are answerable for the damage caused by their scholars or apprentices, while under their superintendence.
>
> In the above cases, responsibility only attaches, when the masters or employers, teachers and artisans, might have prevented the act which caused the damage, and have not done it.
>
> The master is answerable for the offenses and *quasi*-offenses committed by his servants, according to the rules which are explained under the title: *Of quasi-contracts, and of offenses and quasi-offenses*.

The Third Circuit's analysis in <u>Romero</u> also lends support to this rationale. Therein, the Third Circuit, in considering La. C.C. arts. 2315.4 and 2320, found that there was no evidence nor allegation that the employer "might have prevented" the employee's intoxication and specifically stated: "In view of the rationale stated in these decisions we do not believe that the punitive damages provided for in LSA-Civ. Code art. 2315.4 can be assessed against Stanford as Vidrine's employer, especially where there has been no allegation nor any showing made that Stanford in any manner contributed to Vidrine's intoxication." 54 So.3d at 792 and 794.

Third, this Court and the Fourth Circuit have previously held an employer liable for punitive damages imposed on an employee for driving while intoxicated. <u>Levet</u>, supra and <u>Curtis</u>, supra. The <u>Curtis</u> court, which concluded that those who are legally responsible for the intoxicated driver may be assessed with punitive damages under La. C.C. art. 2315.4, distinguished the <u>Bourque</u> case, which held that only the intoxicated driver could be cast for exemplary damages under La. C.C. art. 2315.4. The Fourth Circuit distinguished <u>Bourque</u> because it did not involve defendants who were legally responsible for the intoxicated driver, but instead involved the alleged liability of a bar owner, store proprietor and/or passenger who supplied the driver with alcohol. <u>Id.</u> The Fourth Circuit noted that the <u>Bourque</u> opinion suggested the court would conclude that one who is legally responsible for an intoxicated driver could be cast for punitive damages under Article 2315.4. <u>Id.</u> Specifically, the Fourth Circuit quoted the following from the opinion:

> "In rejecting the plaintiff's argument that a defendant who is solidarily liable with the intoxicated driver would be accountable for exemplary damages, the court held that:
>
> ... directly or indirectly, only **the intoxicated driver, his insurer, and legal representatives-in other words, those affiliated with the party targeted by the punitive provisions of LSA-C.C. art. 2315.4-**may be assessed with punitive damages under that provision. (emphasis added). 643 So.2d at 241.

Id. Taking into consideration this language in Bourque and La. C.C. art. 13 requiring that laws on the same subject be interpreted in reference to each other, the Fourth Circuit reasoned that the employer was liable for damage caused by its employee, including exemplary damages under La. C.C. art. 2315.4. 735 So.2d at 825-826. Notably, the evidence showed that the employer supplied alcohol to the employee before the accident in Curtis. 735 So.2d at 825.

Fourth, in this case, appellee's argument that only the intoxicated driver can be liable for exemplary damages ignores the case law that has held an insurer liable for punitive damages assessed against its insured. See Sharp v. Daigre, 555 So.2d 1361 (La. 1990); Creech v. Aetna Cas. & Sur. Co., 516 So.2d 1168 (La. App. 2 Cir.1987), writ denied, 519 So.2d 128 (La. 1988). In Creech, with respect to holding insurers liable for punitive damages, the court explained that "Although the purpose of punitive damages is to punish and deter, the injured party receives the benefit of such payment and from the plaintiff's standpoint, punitive damages are additional compensation for the egregious conduct inflicted upon him." 516 So.2d at 1173 (citation omitted). In this regard, we point out, as did the dissent in Romero, that,

> Both employers and insurers accept the responsibility to pay for the culpable conduct of their employees and insureds, respectively. Like an insurer who chooses to insure a particular risk, an employer chooses to employ a particular person. The only difference is that the insurer accepts the responsibility contractually, and the employer does so by virtue of hiring the person.

Romero, 54 So.3d at 797-98.

Appellee relies on the Ross opinion; however, in that case, the Louisiana Supreme Court addressed whether defendants who had no physical possession or control over hazardous or toxic substances could be held liable for punitive damages based on the acts of alleged co-conspirators. The Ross case involved the *solidary* liability of alleged co-conspirators, not the alleged *vicarious* liability of an employer for its employee. As previously mentioned, the relationship and the accompanying

policy considerations between the punitively-liable tortfeasor and his co-conspirators and the punitively-liable tortfeasor and his employer is distinct. Romero, 54 So.3d at 795. For co-conspirators to be subject to punitive damages, each co-conspirator's individual conduct must fall within the scope of the applicable penal statute. Id. at 553. Vicarious liability is distinct because a corporate employer who acts only through its employees is deemed culpable when the employee, acting in the course and scope of the employment, is held liable for punitive damages. Id. Given these issues, we do not believe Ross is determinative of this matter.

Having considered Louisiana law and jurisprudence, as well as the applicable policy considerations, we conclude that an employer may be held liable for exemplary damages awarded against an employee under La. C.C. art. 2315.4, particularly, where the evidence shows that the employer contributed to or might have prevented the employee from driving while intoxicated. Here, appellant in this case asserts allegations that present genuine issues of material fact as to whether CEVA may have prevented Rodney from driving while intoxicated. Appellant specifically alleges that CEVA failed to carry out appropriate screening and training; that this employee had a history of drug use; and that this employee had a deteriorating driving performance. Consequently, we find the trial court erred in granting CEVA's motion for partial summary judgment relative to appellant's claim for exemplary damages against CEVA as genuine issues of material fact exist as to whether plaintiff is entitled to exemplary damages against CEVA. In light of this, we reverse that portion of the judgment granting this motion for partial summary judgment dismissing plaintiff's exemplary damage claim against CEVA, deny the motion, and remand for further proceedings.

### Plaintiff's Right to Maintain Claims against CEVA

Appellant also contends that the trial court erred in concluding that she cannot maintain causes of action against CEVA for negligent hiring, training, supervision

and entrustment given that CEVA has admitted the subject accident arises from its employee's negligence in the course and scope of his employment. Appellant argues that under La. C.C. art. 2323, the jury should consider the fault of all parties, including CEVA, and relies on this Court's opinion in Griffin v. Kmart Corp., 00-1334 (La. App. 5 Cir. 11/28/00), 776 So.2d 1226, as allowing her to simultaneously maintain independent tort claims against Rodney and CEVA.

In Griffin, plaintiffs sought recovery against Kmart for negligent hiring and for vicarious liability after its employee fired an air gun at customers. The jury found Kmart negligent in its training of this employee, but not vicariously liable for its employee's acts because the employee was acting outside the course and scope of his employment at the time of the incident. On appeal, this Court reversed the jury's finding that the employee was acting outside the course and scope of his employment, and held Kmart vicariously liable for its employee's acts. Id. at 1232-33. In doing so, this Court stated that "[v]icarious liability is solidary, making Kmart liable for payment of 100% of the damages to plaintiffs." This Court amended the judgment to delete the apportionment provision, which was applicable when the only fault determination was on Kmart's direct liability. Id. at 1232.

CEVA argues that, as a matter of law, appellant cannot simultaneously pursue both (1) a negligence cause of action against an employee for which the employer is vicariously liable; and (2) a direct negligent supervision and/or negligent training cause of action against the employer when the employer stipulates that the employee was in the course and scope of employment when he committed the alleged negligence. CEVA relies on the Griffin case and Libersat v. J & K Trucking, Inc., 772 So.2d 173 (La. App. 3 Cir. 10/11/00). In Libersat, a truck driver (Mitchell) decided to make a U-turn at a break in the highway. Another driver (Libersat) was driving in the opposite direction of the truck driver and struck the trailer attached to the truck driver's truck; Libersat died at the scene. Id. In the wrongful death and

survival action that followed, Libersat's wife and daughters alleged negligence against Mitchell as well as independent causes of action against Mitchell's employer, Patterson Truck Line, Inc., for negligent hiring and training. Id. The trial court refused to instruct the jury regarding the plaintiffs' negligent hiring and training causes of action, allowing only the negligence cause of action against Mitchell to go to the jury. Id.

Plaintiffs in Libersat challenged this refusal on appeal, but the appellate court affirmed. The Third Circuit stated that "the Court finds that the trial court's instructions ... are an accurate reflection of the law" and that the plaintiff's proposed instructions "were not appropriate in this case." 772 So.2d at 179. In support of this decision, the court stated as follows:

> Patterson, as Mr. Mitchell's employer, would be liable for his actions under the theory of *respondeat superior.* If Mr. Mitchell breached a duty to the Appellants, then Patterson is liable under the theory of *respondeat superior.* If Mitchell did not breach a duty to the Appellants then no degree of negligence on the part of Patterson in hiring Mitchell would make Patterson liable to the Appellants.

Id.

In this case, if the trier of fact finds that Rodney was negligent and that his negligence was a cause-in-fact and legal cause of plaintiffs' injuries, then CEVA is liable for Rodney's actions. If Rodney was not negligent, then no amount of negligence on the part of CEVA in training and supervising him could have been the cause-in-fact or legal cause of the collision and plaintiff's injuries. In other words, if the trier of fact does not find that Rodney (exercising his training and under the supervision of CEVA) was negligent on the day of the collision, the trier of fact could not reasonably find that but for CEVA's failure to properly train and supervise Rodney, the injuries to plaintiff would not have occurred. Nor could the trier of fact reasonably find that CEVA's failure to properly train and supervise Rodney was a legal cause of plaintiff's injuries if Rodney was not negligent. Thus, because CEVA

stipulated that Rodney was in the course and scope of his employment and is therefore liable if Rodney is liable, CEVA's partial motion for summary judgment on the negligent supervision and training and negligent entrustment was properly granted. We therefore affirm the judgment in part as to the granting of this motion for partial summary judgment.

**Decree**

For the reasons stated herein, we reverse the trial court's judgment granting CEVA's motion for partial summary judgment as to appellant's exemplary damage claim against it, deny that motion, and remand for further proceedings. We affirm the judgment as to the granting of CEVA's motion for partial summary judgment on appellant's negligent supervision and training and negligent entrustment claims against CEVA. We remand this case for further proceedings.

<u>**REVERSED IN PART; AFFIRMED IN PART; REMANDED**</u>

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**DECEMBER 30, 2019** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 19-CA-337

**E-NOTIFIED**
29TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE EMILE R. ST. PIERRE (DISTRICT JUDGE)
TERRY B. LOUP (APPELLANT)        TAYLOR M. BURNHAM (APPELLANT)        RAYMOND C. LEWIS (APPELLEE)

**MAILED**
MICHAEL D. CANGELOSI (APPELLEE)        ROBERT E. KERRIGAN, JR. (APPELLEE)
ATTORNEY AT LAW                        M. ELIZABETH EVANS TAMPORELLO
701 POYDRAS STREET                     ATTORNEYS AT LAW
SUITE 4800                             755 MAGAZINE STREET
NEW ORLEANS, LA 70139                  NEW ORLEANS, LA 70130